RULE 523.  RELEASE CRITERIA.

(A)  To determine whether to release a defendant, and what conditions, if any, to impose, the bail authority shall consider all available information as that information is relevant to the defendant's appearance or nonappearance at subsequent proceedings, or compliance or noncompliance with the conditions of the bail bond, including information about:

(1)  the nature of the offense charged and any mitigating or aggravating factors that may bear upon the likelihood of conviction and possible penalty;

(2)  the defendant's employment status and history, and financial condition;

(3)  the nature of the defendant's family relationships;

(4)  the length and nature of the defendant's residence in the community, and any past residences;

(5)  the defendant's age, character, reputation, mental condition, and whether addicted to alcohol or drugs;

(6)  if the defendant has previously been released on bail, whether he or she appeared as required and complied with the conditions of the bail bond;

(7)  whether the defendant has any record of flight to avoid arrest or prosecution, or of escape or attempted escape;

(8)  the defendant's prior criminal record;

(9)  any use of false identification; and

(10)  any other factors relevant to whether the defendant will appear as required and comply with the conditions of the bail bond.

(B)  The decision of a defendant not to admit culpability or not to assist in an investigation shall not be a reason to impose additional or more restrictive conditions of bail on the defendant.

COMMENT: This rule clarifies present practice, and does not substantively alter the criteria utilized by the bail authority to determine the type of release on bail or the conditions of

release reasonably necessary, in the bail authority's discretion, to ensure the defendant's appearance at subsequent proceedings and compliance with the conditions of the bail bond.

When deciding whether to release a defendant on bail and what conditions of release to impose, the bail authority must consider all the criteria provided in this rule, rather than considering, for example, only the designation of the offense or the fact that the defendant is a nonresident. **Nothing in this rule prohibits the use of a pretrial risk assessment tool as one of the means of evaluating the factors to be considered under paragraph (A). However, a risk assessment tool must not be the only means of reaching the bail determination.**

In addition to the release criteria set forth in this rule, in domestic violence cases under Section 2711 of the Crimes Code, 18 Pa.C.S. § 2711, the bail authority must also consider whether the defendant poses a threat of danger to the victim.

When a defendant who has been released on bail and is awaiting trial is arrested on a second or subsequent charge, the bail authority may consider that factor in conjunction with other release criteria in setting bail for the new charge.

NOTE:  Previous Rule 4002, formerly Rule 4003, adopted November 22, 1965, effective June 1, 1966; renumbered Rule 4002 and amended July 23, 1973, effective 60 days hence; *Comment* revised January 28, 1983, effective July 1, 1983; rescinded September 13, 1995, effective January 1, 1996, and not replaced.  Present Rule 4002 adopted September 13, 1995, effective January 1, 1996.  The January 1, 1996 effective dates extended to April 1, 1996; the April 1, 1996 effective dates extended to July 1, 1996; amended September 3, 1999, effective immediately; renumbered Rule 523 and *Comment* revised March 1, 2000, effective April 1, 2001 **[.]** **; *Comment* revised June 15, 2016, effective October 1, 2016.**

\*        \*        \*        \*        \*        \*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Final</u> <u>Report</u> explaining the provisions of the new rule published with the Court's Order at 25 <u>Pa.B.</u> 4116 (September 30, 1995).*

*<u>Final</u> <u>Report</u> explaining the September 3, 1999 amendment concerning the 1998 constitutional amendment providing for preventive detention and deleting "but only" published with the Court's Order at 29 <u>Pa.B.</u> 4862 (September 18, 1999).*

*<u>Final</u> <u>Report</u> explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 <u>Pa.B.</u> 1478 (March 18, 2000).*

*<u>Final Report explaining the June 15, 2016 Comment revisions regarding the use of risk assessment tools published with the Court's Order at 46 Pa.B.      (            , 2016).</u>*